Chief Justice Robertson,
delivered the opinion of the court.
Christiaw Gore, as assignee of Andrew Gore, who was assignee of Terah T. liaggin, having obtained a judgment against John Montgomery, on a note executed by the said Montgomery to the said Haggi n,on the 6th of Decern ber, 1821, for ‡ 128 70 cents; Montgomery brought this suit, in chancery, to injoin the judgment, and to obtain general relief. The bill alleges that one Garret-Darling, having sued the complainant and others, on a claim for boarding, &-c., the parties agreed to refer the subject matter in controver *176 sy to arbitration; that ihe arbitrators made a calcula* tion from which it appeared that Darling was entitled to .$*135 23 -cents; that thereupon tbe complainat agreed to execute his note for that amount after deducting $6 58 cents, which Darling owed for costs; that T. T. Haggin who had a claim against Darling’s estate (Darling having died) proposed to take the note, payable to himself, in consideration of that claim, which being agreed to, the note was thereupon executed to Haggin with the assent, and in the presence of Lanty Armstrong, the son-in-law and administrator of Darling; that, consequently, no award was made, but the suit was dismissed; that since the judgment had been rendered on the note, the complainant had ascertained that there was a mistake to the amount of $124 in the calculation, that sum having been inadvertently included twice in the addition of the items by the arbitrators. Haggin, the assignees, and Armstrong, were made defendants, and all answered. The assignees profess ignorance as to the most material allegations of the bill. The answers of Haggin and Armstrong, do hot deny, nor expressly admit, the alleged mistake. Haggin avers that he had no knowledge of such mistake when the note was executed to him; that he gave rip a judgment, in which he was beneficially interested and took the note in lieu of it; and that all the assets belonging to the estate of Darling, having been since fully administered, the judgment on the note ought not to be enjoined.
Upon a settlement between A and JB; from a mistake in tbe calculation Bis induced to execute his pote to C, the °t( M amount than cj g-ave a’ valvab}e eonsidetake Will not entitle the note m the '-hands of-ciasSgnei°rhis
*176 The answer of Armstrong, states the same facts in substance, and alleges that no assets remained unadministered.
The alleged mistake is clearly proved by the exhibition of the calculation, and by the depositions of the arbitrators.
The circuit court dismissed the bill with costs and dissolved the injunction with damages.
The dissolution of the injunction was proper. If-. Haggin gave a valuable consideration for the note, bona fide, by releasing a judgment against Darling, in which he (Haggin) was beneficially interested, or which he had a right to control, no mistake or failure of consideration, as between Montgomery and Armstrong, can affect his legal right, or that of the assignee, to the *177 amount of tbe note. The allegations to that effect in the answere of Haggin and Armstrong, being merely in avoidance, are of themselves, entitled to but little -consideration. But the bill alleges, that Haggin had a claim on Darling, and that the note was executed to JIaggin in consideration of that claim.
An executor °annotbo sued assuc’., for mofiey paid him^hís presentare character, ad^n™101' is personally ney^áidíoAfe use as execuÍ01' or a-tmin.sued individually.
We are inclined to think, therefore, that there is ficient evidence to show that a consideration passed frorn Haggin, and that, therefore, as no sufficient equity existed against him at the date of his assignment, the assignee is entitled to the benefit of the judgment at law. Even the note itself is prima facia evidence of a consideration from Haggin, although, there may have been no consideration to Montgomery.
But Montgomery is entitled to relief, to the extent -of the mistake in the consideration. The calculation by the arbitrators is entitled to no more effect, than If it had been made by the parties, because no award was ■made out. When Montgomery discharges the judgment, he will have paid *¡¡124 to the use of .Darling’s -administrator, without any consideration. He must, therefore, he entitled to a restitution of that amount-; and in such a ease, the chancellor surely has sufficient power to give adequate relief.
The right to relief against Armstrong does not depend on the sufficiency of assets in his hands. He is personally liable, yin executor or administrator cannot be sued, as such, for money paid or loancd to him in his representative character; Chitty on Contracts, 85. He may, however, (it is said) be sued in his representatjve capacity, for money paid to his use as executor or administrator; (same authority.) But he is also, personally liable, and may be sued in his individual right,
.Montgomery, having assumed to pay $124 to the Use of Darling’s administrator, is, therefore, entitled to a decree against Armstrong, for the amount, whether he has assets or not. Whether Armstrong would be ■entitled to restitution from Haggin, might depend, on whether there were assets in his hands at the time when the judgment against Darling was discharged by the execution of the note. If there were then no assets, ■and Armstrong consented to the arrangement, in consequence of a misapprehension as to the liability of Montgomery, perhaps -he might be -entitled to relief *178 against Haggin, on the ground of mistake in paying the judgment when he had no assets, but was induced by the miscalculation of the arbitrators to suppose that he had assets to the amount of the note executed by Montgomery.
Green, Harlan and Denny, for plaintiffs; Haggin, for ' - defendants.
But whether, on such a state of case, Haggin would be liable, would depend on circumstances, not now disclosed, and therefore, especially, as the record does not present the question, we cannot now express an. opinion upon it.
But Armstrong’s liability to Montgomery does not ■ depend on that of Haggin to Armstrong. Montgomery having paid for Armstrong a debt to Haggin, has a -right to be reimbursed. As he did not owe Armstrong the whole amount so paid, the sum which was not due to him, was no part of the assets in the administrator’s hands; when the administrator appropriated it as assets, he, through mistake, applied a fund which did not belong to him, and to the restitution of which, he to whom ..it did belong, has a clear right. He who used the fund must be responsible for the consequences'of the mistake. As administrator, he had no just right to use .•it, as it was not assets in his hands; and having thus-misapplied it through mistake, he must be responsible to Montgomery for it, whether he has now as administrator, assets or not.
We an , therefore of opinion, that Montgomery is -entitled to decree over against Armstrong, for $124, with legal interest thereon, from the date of the note to ■Haggin.
Wherefore, the decree dissolving the injunction is ‘affirmed, but the decree dismissing the bill is reversed and the cause remanded, with instructions to enter a decree conformable to this opinion. Haggin and the Gores must have their costs in this court, and Armstrong must pay to Montgomery his costs.